UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Petitioner,

v.                                                          Civ. No. 22-427 KG/GJF

ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO, *et al.*,

    Respondents.

## ORDER FOR SUPPLEMENTAL BRIEFING

THIS MATTER is before the Court on Petitioner Bryce Franklin's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF 1 ("Petition"). Petitioner alleges the New Mexico Corrections Department denied him adequate due process during a disciplinary hearing leading to the revocation of good time credits and visitation rights. *Id.* The State responded, arguing that Petitioner was granted all the due process required during the detention hearing and that he had failed to exhaust his administrative remedies. ECF 7. The Court then granted Petitioner's motion to file a *reply brief*, but Petitioner never moved for – and the Court never granted him – the right to expand the record. [1] ECF 10, 12. Nonetheless, Petitioner included a declaration in his Reply brief that swore to 26 relevant facts in support of his Petition under penalty of perjury. ECF 10.

Section 2243 of Title 28, United States Code, provides that the "court shall summarily hear and determine the facts, and dispose of [this] matter as law and justice require." Under Rule 7 of the Rules Governing § 2254 cases,[2] the Court *may* allow a party to expand the record but should

---

[1] The Court notes that Petitioner was already entitled to file a reply—but not to expand the record—under Rule 5(e) of the Rules Governing Section 2254 Cases.

[2] "The Rules Governing Section 2254 Cases . . . may be applied to habeas-corpus actions filed under § 2241." *Brooks v. Hanson*, 763 F. App'x 750, 752 n.1 (10th Cir. 2019) (citing R.1(b), R. Governing § 2254 Cases).

be mindful not to become a second forum to try facts and issues the party did not adequately pursue in state court. *See Williams Taylor*, 529 U.S. 420, 437 (2000). Further, if the Court does allow one party to expand the record, it must allow the other party the opportunity to respond to admit or deny the correctness of the new material. *See* R. 7, R. Governing § 2254 Cases.

**IT IS THEREFORE ORDERED** that Respondents may file a supplemental brief addressing Petitioner's Reply within 30 days of this Order. The supplemental brief should address the arguments and factual assertions in Petitioner's Reply. The brief should include the State's position on whether the Court should consider Petitioner's declaration and incorporate it into the record, whether the State admits or denies the factual assertions in Petitioner's declaration, and the State's position on whether an evidentiary hearing is necessary. If the State does deny one or more factual assertions in Petitioner's declaration, it may submit contrary and directly relevant factual evidence in support of its denial.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE